UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS GARCIA,<br><br>               Plaintiff,<br><br>   v.<br><br>COUNTY OF SPOKANE, SHERIFF OZZIE KNEZOVICH in his representative and individual capacity, JAIL COMMANDER JOHN McGRATH, LT. DOE, SGT. SMITH, DEPUTY NATHAN FOO, and EIGHT UNKNOWN EMPLOYEES OF SPOKANE COUNTY, in their individual capacities,<br><br>               Defendants. | NO: 10-CV-0349-TOR<br><br>ORDER OF DISMISSAL WITH PREJUDICE |

## BACKGROUND

On October 8, 2010, Plaintiff Nicholas Garcia filed a Complaint alleging violations of his Fourteenth Amendment rights under 42 U.S.C. § 1983 by Defendants while he was held as a pretrial detainee at the Spokane County jail. ECF No. 1. In March of 2011 Plaintiff was granted leave to amend his Complaint

ORDER OF DISMISSAL WITH PREJUDICE ~ 1

at which point he alleged further violations of the Fourth, Fifth, and Ninth Amendments to the Constitution. ECF No. 24. On March 14, 2012 the case was reassigned to this Court. On April 2, 2012 the Court granted Plaintiff's then attorney leave to withdraw as Plaintiff's counsel, at which point the Plaintiff continued pro se. ECF No. 56. On May 3, 2012, the Court issued an Order requiring Plaintiff to respond to outstanding discovery requests submitted by Defendants, and warned Plaintiff that "failure to answer discovery requests or meet the deadlines established in its Amended Scheduling Order, ECF No. 49, would result in dismissal of his case." ECF No. 59.

On June 1, 2012 the Court issued a Second Amended Scheduling Order setting the jury trial for December 3, 2012. ECF No. 62. The Order set a deadline of October 4, 2012 to file witness and exhibit lists, and November 8, 2012 to file a joint proposed pretrial order, trial briefs, requested *voir dire*, and joint proposed jury instructions. Additionally, the Order directed parties to appear in Spokane for an "in-person" pretrial conference on November 20, 2012 at 9:00 a.m. As of the date of this Order, and in direct contravention of the Scheduling Order, the Court has not received witness and exhibit lists from Plaintiff.[1] At an October 16, 2012

---

[1] The Court also has not received trial briefs, requested *voir dire*, or joint proposed jury instructions from the Plaintiff. Plaintiff did file a proposed pretrial order by the November 8, 2012 deadline.

ORDER OF DISMISSAL WITH PREJUDICE ~ 2

telephonic hearing Plaintiff orally sought relief for his failure to file exhibit and witness lists which the Court denied and instructed Plaintiff to file a formal motion detailing why he should be allowed to violate the Court's scheduling Order.  ECF No. 94.  No motion seeking relief has been filed to date.

On September 12, 2012 and September 13, 2012 Defendants filed motions for summary judgment on all of Plaintiff's claims.[2]  ECF No. 64, 74.  On September 19, 2012 the Court found good cause to grant Plaintiff's oral motion to extend the discovery cutoff, which had already expired on August 30, 2012, to October 1, 2012.  Once again, Plaintiff was cautioned that failure to meet deadlines in Court Orders, comply with local rules, or timely respond to the two pending motions for summary judgment, could result in adverse action by the Court.  ECF No. 83.

On October 16, 2012, one day after the deadline for Plaintiff to respond to Defendants' motions for summary judgment, the Court granted Plaintiff an extension of time to respond and ordered Plaintiff to file and serve his responsive

---

[2] As a pro se litigant, Garcia was sent notice by the Court upon Defendants' filing of a Motion for Summary Judgment outlining the requirements for his response, including the warning that if he does not file his response within 30 days, or such other time period set by the Court , the failure to respond "will constitute your consent to the Court granting the motion." ECF No. 69.

briefing so that it was "received" by the Clerk of Court by October 30, 2012. ECF No. 94. The Court again warned Garcia that the failure to meet deadlines in the Court's Scheduling Order, or comply with Local Rule 7.1 could result in the action being dismissed by the Court. Despite these warnings, the Plaintiff did not timely file his response to Defendants' motions for summary judgment. The Plaintiff dated his documents "October 30, 2012" but the Court did not actually receive his responsive materials until November 7, 2012 (his Fed-Ex packing slip clearly bears the date of November 5, 2012, seeking a 2-day delivery method, ECF No. 100-1).

Finally, in direct contravention of the Second Amended Scheduling Order, Plaintiff failed to appear at the hearing on Defendants' motions for summary judgment (ECF Nos. 64 and 74), motion to exclude testimony of Defendant's expert (ECF No. 70), motions in limine (ECF No. 95), and the pretrial (in person) conference, all scheduled for November 20, 2012 at 9:00 a.m.

## DISCUSSION

While pro se pleadings are held to less stringent standards than those prepared by attorneys, pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Pro se litigants must follow the rules of the court in which he or she litigates. *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir. 1986).

District courts have the inherent power to control their dockets, and may impose appropriate sanctions up to and including dismissal. *Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Under FRCP 41(b), the district court may dismiss an action for failure to comply with any order of the court. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)("[t]he authority of the federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d at 1260-61; *see also Henderson*, 779 F.2d at 1423.

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given that this case has dragged on for more

than two years, the first factor weighs strongly in favor of dismissal. Moreover, it is clear at this stage of the proceedings that Plaintiff is still not prepared to go to trial on December 3, 2012, as he has failed to meet the deadline to file witness and exhibit lists as required by the Court's Scheduling Order. ECF No. 62. The Court verbally instructed Plaintiff that he must make a formal motion with the Court showing good cause for why those lists were not filed timely. Despite this warning from the Court, as of the date of this Order Plaintiff still has not filed a motion asking for leave to file his witness or exhibit lists.[3]

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants …." *Ferdik*, 963 F.2d at 1261. Further, it is recognized that the trial judge is in the best position to determine whether delay interferes with docket management. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.

---

[3] Plaintiff did file a proposed pretrial order on November 13, 2012 (ECF No. 120), five days past the deadline for pretrial orders, which included a list of witnesses and exhibits mixed together. However, Plaintiff did not request leave of the Court to file this information as per the Court's previous instructions, and it was filed more than two months past the deadline for witness and exhibit lists in the Pretrial Order.

ORDER OF DISMISSAL WITH PREJUDICE ~ 6

2002).  There is no question that the time consumed with Plaintiff's case could have been devoted to other cases on the docket, and that the possibility of rescheduling the trial yet again would seriously disrupt the Court's schedule.  *See U.S. for Use and Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988).

The third factor for the Court to weigh is the risk of prejudice to the Defendants.  The Court must examine whether Plaintiff's actions impaired the Defendants' ability to go to trial or threatened to interfere with the rightful decision of the case.  *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). "Limited delays and the prejudice to defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays."  *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  The Court must also weigh whether prejudice is sufficient to support dismissal with consideration of the strength of Plaintiff's excuse for default.  *See Malone*, 833 F.2d at 131.

The Court finds that, at this late stage of the proceedings, the Defendants' ability to go to trial has been severely compromised.  Plaintiff has failed to provide witness and exhibit lists, and has failed to appear at the required in person pretrial conference. Defendants have complied with all Court orders and time limits, and as far as the Court can discern, have been tolerant until now in their dealings with

ORDER OF DISMISSAL WITH PREJUDICE ~ 7

Plaintiff despite his lack of compliance with Court Orders and Local Rules. The delays caused by Plaintiff's repeated failure to comply with deadlines have become unreasonable, and his excuses for default are varied and unpersuasive. He has alternately claimed that he did not receive Court documents, did not receive documents from his former attorneys, and did not understand the requirements for discovery as indicated in Court Orders. The Court does not know why Plaintiff failed to provide his witness and exhibit lists, or failed to appear at the pretrial conference on November 20, 2012. These reasons, and the lack of reasons, are not strong enough to overcome the risk of prejudice to the Defendants especially at this stage of the proceedings, less than two weeks from the scheduled jury trial date. Accordingly, this factor supports dismissal.

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits. The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643; *Malone*, 833 F.2d at 133 n.2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986)(court must first consider the impact of the sanction and the adequacy of less drastic sanctions). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of

ORDER OF DISMISSAL WITH PREJUDICE ~ 8

alternatives" requirement." *Malone*, 833 F.2d at 132-33.  The Court has consistently considered and granted less drastic alternatives, despite repeated failure by the Plaintiff to comply with Court Orders and Local Rules.  The Court has warned Plaintiff both verbally and in written Orders on at least four separate occasions (ECF Nos. 59 at 2; 69; 80; and 94 at 2), that the failure to comply with Court orders could (would) result in dismissal of his case.  At this stage of the proceedings, the Court has quite simply run out of time for less drastic alternatives.  The jury trial is currently set for December 3, 2012, which leaves the Court with three options.  First, the Court could continue the trial date yet again, after sitting on the docket for over two years, resulting in extreme prejudice to the Defendants and great inconvenience to the Court.  Second, the Court could proceed to a jury trial despite the failure of Plaintiff to comply with multiple Court orders, including the submission of his witness and exhibit lists, and most recently his failure to appear in-person for the Pretrial Conference as required by the Pretrial Order.  ECF No. 62.  Since the Plaintiff is not prepared for trial this would greatly inconvenience those jurors unfortunate enough to be selected to donate their precious time, as well as the Defendants, their attorneys and the Court's staff.  Last the Court could dismiss the case. The Court finds this is the most fair and expeditious option, especially in light of the repeated attempts by the Court to consider less drastic alternatives despite Plaintiff's repeated lack of compliance

ORDER OF DISMISSAL WITH PREJUDICE ~ 9

with Court Orders.  This fifth factor the Court must consider weighs strongly in favor of dismissal.

The Court is mindful that the sanction of dismissal is harsh and should be applied in extreme circumstances. *See Henderson v. Duncan*, 779 F.2d at1423. However, the Court finds that Plaintiff's continual failure to comply with Court Orders despite repeated warnings that this type of behavior could and would result in dismissal, qualifies as "extreme."  After carefully weighing each of the factors, the Court finds that four out of the five weigh strongly in favor of dismissal. Accordingly, the Court orders dismissal of this case with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. All claims and causes of action in this matter are **DISMISSED** with prejudice.
2. All pending motions are **DENIED** as moot.
3. The jury trial setting is **VACATED** as moot.

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, and **CLOSE** the file.

**DATED** this 20th day of November, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge